IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 1:11-cr-212 (RDA) |
| | ) |
| ESTANISLAO RAMOS PEREZ, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Estanislao Ramos Perez's *pro se* Motion to Reduce Sentence, pursuant to recent amendments to the Sentencing Guidelines under Part A of Amendment 821. Dkt. 283. Having considering Defendant's Motion together with the Government's Opposition (Dkt. 286), this Court DENIES the Motion for the reasons that follow.

### I. BACKGROUND

The facts here are appropriately drawn from the Statement of Facts to which Defendant admitted during his plea colloquy and the Presentence Investigation Report (the "PSR") adopted by the Court at sentencing. Dkts. 121 (the "SOF"); 158 (the "PSR"); 189 (the "J&C").

From on or about August 22, 2010, through on or about March 9, 2011, in Prince William County and Fairfax County, Virginia, within the Eastern District of Virginia, and elsewhere, Defendant conspired with others to commit a series of armed robberies, specifically targeting a number of stores that primarily served the Latino community, in order to unlawfully obtain by force, violence, and intimidation cash, jewelry, and other items of value. During that time frame, Defendant also conspired with others to commit an armed robbery of a drug dealer in the District of Columbia and to commit an armed robbery of a Wachovia Bank branch located in Horsham, Pennsylvania. Dkt. 121 at 1. On April 8, 2011, a criminal complaint was filed naming Defendant

and others for conspiracy to commit acts of robbery. On September 22, 2011, Defendant and others were named in a 15-count superseding indictment, charging them with conspiracy, robbery, using a firearm during a crime of violence, and illegal alien in possession of a firearm. Dkt. 158 at 4. On October 25, 2011, Defendant pled guilty to counts 9 and 13 of the superseding indictment, each charging him with using, carrying, and discharging a firearm in a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2). *Id.* at 5. United States District Court Judge Gerald Bruce Lee sentenced Defendant to 420 months' imprisonment followed by five years of supervised release. Dkt. 189 at 2,3. On June 16, 2017, Judge Lee reduced Defendant's sentence to 200 months' imprisonment. Dkt. 260.

Defendant filed a motion for a reduction in sentence *pro se* on December 22, 2023. Dkt. 283. In his pending motion, Defendant seeks a reduction of his sentenced based on 821 Amendments. *Id.* at 1. On March 27, 2024, the Government filed its opposition to the Motion. Dkt. 286.

### III. ANALYSIS

Defendant seeks a sentence reduction pursuant to Amendment 821, U.S.S.G. § 4C1.1. Dkt. 283 at 1. But Defendant was convicted of using, carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The sentencing guideline for a violation of 18 U.S.C. § 924(c) is U.S.S.G. § 2K2.4. Pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence is the minimum term of imprisonment required by the statute, and adjustments and criminal history shall not apply. As such, Defendant is not eligible for a reduction under the 821 Amendments because he was sentenced pursuant to a mandatory minimum, not a sentencing range determined by his offense level and/or criminal history category, thus there would be no offense level to which to apply the zero-point offender adjustment. Further, even if the zero-point

offender adjustment were applicable, Defendant is ineligible for a reduction as he possessed a firearm in connection with his offenses. *See* U.S.S.G. § 4C1.1(a)(7). Accordingly, Defendant is not eligible for a reduction and § 4C1.1(a) does not provide a basis for reducing his sentence. Thus, Defendant's Motion, Dkt. 283 is denied.

## IV.  CONCLUSION

In sum, Defendant is ineligible for a reduction in sentence pursuant to USSG §§ 4C1.1.

Accordingly, it is hereby **ORDERED** that Defendant's Motion (Dkt. 283) is **DENIED**.

The Clerk is directed to forward copies of this Order to counsel of record, the U.S. Marshals Service, the Federal Bureau of Prisons, and the U.S. Probation Office.

It is SO ORDERED.

Alexandria, Virginia
January 15, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge